```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
```

Zola Mae Beeks,                       )
                                      )
            Plaintiff,                )
                                      )
v.                                    )    Civil Action No. 8:16-cv-2565-BHH
                                      )
Nancy A. Berryhill, Acting            )
Commissioner of Social Security       )    **ORDER**
Administration,                       )
                                      )
            Defendant.                )
_____ )

This matter is before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In her motion, Plaintiff seeks attorney's fees in the amount of $3,234.38, representing 6 attorney hours at the hourly rate of $187.50 and 22.5 paralegal hours at the hourly rate of $93.75, plus $22.25 in expenses. On December 21, 2017, Defendant filed a response to Plaintiff's motion, notifying the Court that Defendant does not object to Plaintiff's request.

Attorney's fees may be awarded pursuant to EAJA where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure

to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

After consideration, it is hereby

**ORDERED** that Plaintiff's motion (ECF No. 24) is granted, and Plaintiff is awarded attorney's fees in the amount of $3,234.38, plus $22.25 in expenses, pursuant to EAJA.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

December 21, 2017
Charleston, South Carolina

---

[1] As the Supreme Court made clear in *Astrue v. Ratliff*, attorney's fees under EAJA are made payable to the prevailing litigant and not to the litigant's attorney. 560 U.S. 586, 598 (2010) (holding that the plain text of EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to an offset of any pre-existing federal debts).